IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY C. REISING,<br><br>            Petitioner,<br><br>vs.<br><br>BARB LEWIEN, Chief Executive Officer, Warden;<br><br>            Respondent. | 8:17CV321<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 16.) Respondent argues Petitioner Gregory C. Reising's Petition for Writ of Habeas Corpus (filing no. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

      Reising pled guilty to two counts of robbery on May 23, 2012, in the District Court of Douglas County, Nebraska. (Filing No. 17-2 at CM/ECF p. 1.) On August 20, 2012, the state district court sentenced Reising to consecutive prison sentences of 5 to 10 years for each count of robbery. (*Id*. at CM/ECF pp. 2–3.) The sentencing order was filed on August 21, 2012. (*Id*.) Reising did not file a direct appeal. (*See* Filing No. 17-3 at CM/ECF pp. 6–7.)

      On November 13, 2012, Reising filed a motion for an order nunc pro tunc asking the state district court to correct the sentencing order to reflect that his sentences were to run concurrently with the sentence he was already serving at the time of his August 20, 2012 sentencing. (Filing No. 17-2 at CM/ECF pp. 4–6.) A second motion clarifying his position was filed in the state district court on April

18, 2016. (*Id*. at CM/ECF pp. 7–8.) On September 1, 2016, the state district court denied Reising's request for an order nunc pro tunc following a hearing on the matter. (*Id*. at CM/ECF pp. 9–11.) The state district court found that the sentencing order could not be changed because the court expressed its intent at the sentencing hearing to run the sentences consecutively to the sentence Reising was serving at the time he was sentenced. (*Id*.) Reising filed a motion to alter or amend the judgment on September 15, 2016, which the state district court denied on October 26, 2016. (*See* Filing No. 17-3 at CM/ECF p. 5.)

Reising appealed the denial of his motion for an order nunc pro tunc, but the Nebraska Court of Appeals dismissed the appeal for lack of jurisdiction because the notice of appeal was not filed within 30 days of the September 1, 2016 order, as required by Nebraska law. (Filing No. 17-1 at CM/ECF p. 2.) The appellate court noted that the time to appeal was not tolled by the motion to alter or amend that Reising filed in the district court because that motion was not timely filed. (*Id*.) The Nebraska Supreme Court denied Reising's request for further review on April 21, 2017. (*Id*.) Reising never filed a state postconviction motion pursuant to Neb. Rev. Stat. § 29-3001 *et seq*. (*See* Filing No. 17-3 at CM/ECF pp. 3–7.)

Reising filed his Petition for Writ of Habeas Corpus (filing no. 1) in this court on August 31, 2017. Respondent filed a Motion for Summary Judgment, brief in support, and the relevant state court records. (Filing No. 16; Filing No. 17; Filing No. 18.) Reising filed a brief in opposition to Respondent's Motion for Summary Judgment.[1] (Filing No. 23.) Respondent filed a Notice of Submission (filing no. 24), and this matter is fully submitted for disposition.

---

[1] Reising also filed two motions asking the court to issue a subpoena to certain corrections officials so that Reising could obtain a copy of his psychological evaluation performed in June 2017. (Filing No. 20; Filing No. 23 at CM/ECF pp. 14–16; Filing No. 25.) The court denied these motions because Reising failed to show how the psychological evaluation is relevant to the statute of limitations issue presented by Respondent's summary judgment motion. (Filing No. 20; Filing No. 26.)

2

## II. ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Reising did not file his habeas petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Reising's conviction became final on September 20, 2012, upon the expiration of the 30-day appeal period after the state district court filed its sentencing order on August 21, 2012. *See* Neb. Rev. Stat. § 25-1912(1) (Reissue 2008); *see also In re Interest of J.A.*,

510 N.W.2d 68, 71 (Neb. 1994) (a notice of appeal must be filed within 30 days of the date the judgment or order was entered on the journal of the trial court); *State v. Yos-Chiguil*, 772 N.W.2d 574, 579 (Neb. 2009) ("In a criminal case, the judgment is the sentence."). Accordingly, the one-year limitations period began to run from September 20, 2012.

The question, thus, becomes whether Reising's motion for an order nunc pro tunc was "a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2) that tolled the statute of limitations. The Supreme Court has explained that "to trigger the [AEDPA] tolling provision, a 'collateral' proceeding must also involve a form of 'review.'" *Wall v. Kholi*, 562 U.S. 545, 553 (2011).

> "Review" is best understood as an "act of inspecting or examining" or a "judicial reexamination." Webster's [Third New International Dictionary] 1944 [(1993)]; *see also* Black's [Law Dictionary] at 1434 [(9th ed. 2009)] ("[c]onsideration, inspection, or reexamination of a subject or thing"); 13 O[xford] E[nglish] D[ictionary] 831 [(2d ed. 1989)] ("[t]o submit (a decree, act, etc.) to examination or revision"). We thus agree with the First Circuit that "'review' commonly denotes 'a looking over or examination with a view to amendment or improvement.'" [*Kholi v. Wall*, 582 F.3d 147, 153 (1st Cir. 2009)] (quoting Webster's 1944 (2002)). Viewed as a whole, then, "collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.

*Id*.

The Supreme Court's treatment of "review" in § 2244(d)(2) makes clear that Reising's nunc pro tunc motion did not satisfy the requirements for tolling. Here, Reising's motion did not seek judicial reexamination of his conviction or sentences to correct any error in or revise the judgment. Rather, by definition, Reising's motion for an order nunc pro tunc sought only "to correct clerical or formal errors

4

in order to make the record correctly reflect the judgment actually rendered by the court." *In re Interest of Luz P.*, 891 N.W.2d 651, 660 (Neb. 2017). Under Nebraska law, "[a]n order nunc pro tunc differs from an order substantively amending or vacating a court's prior order," and its purpose

> "is to correct a record which has been made so that it will truly record the action had, which through inadvertence or mistake was not truly recorded. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended."

*Id.* (quoting *Continental Oil Co. v. Harris*, 333 N.W.2d 921, 923 (Neb. 1983)).

Thus, the court agrees with Respondent that Reising's motion for an order nunc pro tunc was not an attempt at collateral review of the judgment of his convictions and sentences. Instead, Reising merely asked the state district court to correct what he believed was an error in the sentencing order. Because Reising's motion did not seek "collateral review" within the meaning of § 2244(d)(2), the one-year limitations period was not tolled and Reising had until September 20, 2013, to file his habeas petition. *See Collins v. Ercole*, 667 F.3d 247, 251 (2d Cir. 2012), *cert. denied*, 568 U.S. 842 (2012) (state-court postconviction motion challenging a post-conviction administrative decision that petitioner's murder sentence run consecutively, rather than concurrently, to a prior undischarged prison term did not statutorily toll the AEDPA limitations period). Reising did not file his habeas petition until almost five years after the limitations period expired, and his petition is, therefore, untimely under § 2244(d)(1)(A).

Alternatively, even if Reising's motion for an order nunc pro tunc could be considered a request for "State post-conviction or other collateral review" within the meaning of § 2244(d)(2), Reising's petition was still untimely filed. Reising's motion was filed on November 13, 2012, 54 days after the statute of limitations began running on September 20, 2012. Since Reising did not timely appeal the

district court's order denying his motion, the tolling period ended on October 3, 2016, the deadline for Reising to file a timely appeal from the September 1, 2016 order. *See Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d. 981, 983 (8th Cir. 2002)) (a state postconviction action remains pending during the appeal period, even if the prisoner does not appeal). Another 332 days ran between October 3, 2016, and August 31, 2017, when Reising filed his habeas petition. Thus, Reising's habeas petition was filed 386 days after his conviction became final and is barred by the limitations period set forth in § 2244(d)(1)(A).

## B. Equitable Tolling

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

Here, Reising does not specifically argue that he is entitled to equitable tolling. However, Reising asserts in his brief that "NDCS has not only [d]iagnosed him with severe and several Mental Illness[es] but has neglected to treat him and has treated him with cruel and inhumane punishment when they held him in solitary confinement for nearly 19 months." (Filing No. 23 at CM/ECF p. 6.) Even liberally construing Reising's assertions regarding his mental health as a basis for equitable tolling, the court finds that Reising has not presented the court with any reason to warrant the application of equitable tolling to the limitations period.[2] In reviewing Reising's pleadings and the records in this case, it is clear that Reising is able to articulate his claims and arguments in support of those claims, not only in this habeas action but throughout his state court litigation of his nunc pro tunc

---

[2] The court notes that Reising asks for $250,000 damages "for the inhumane treatment [related to] the issue of his severe Mental Illness." (Filing No. 23 at CM/ECF p. 7.) Because such a request for relief relates to the circumstances of his confinement, Reising must pursue such claims in an action brought pursuant to 42 U.S.C. § 1983, rather than in a habeas action. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004).

motion. There is simply no indication that any mental impairment has impeded his ability to litigate this habeas action, or that Reising's alleged lack of treatment for "his severe Bi-Polar mental illness" (filing no. 23 at CM/ECF p. 2) impacted his mental capacity to such an extent that it would warrant equitable tolling. *See Mees v. Hurley*, 2014 WL 5432121, at \*4 (E.D. Mo. Oct. 27, 2014) (citing *Lawrence v. Florida*, 549 U.S. 327, 337 (2007)) ("A federal habeas petitioner may not have the federal limitations period tolled due to his mental condition if he makes no factual showing of a mental capacity sufficient to establish an extraordinary circumstance that would toll the limitations period.").

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Reising has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 16) is granted.

2. Petitioner's habeas petition is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 1st day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
